UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JONATHAN CLARK, | § § | |
| Plaintiff, | § § | |
| v. | § § | 3:22-CV-00307-KC |
| WAL-MART STORES INC. d/b/a WALMART #3763 & WAL-MART STORES TEXAS, LLC | § § § § § | |
| Defendants. | § § | |

**<u>DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants WALMART STORES INC. d/b/a WALMART #3763 and WAL-MART STORES TEXAS, LLC ("Defendants") files their First Amended Answer to Plaintiff's Original Petition (Doc. No. 1-2, Exh. B) ("Original Petition") and would respectfully show the Court as follows:

1. Paragraph 1.1 of Plaintiff's Original Petition refers to the discovery control plan under the Texas Rules of Civil Procedure, which do not apply in this case, and no response is required.

2. As to the averments in paragraph 2.1 of Plaintiff's Original Petition, Defendants admit that venue and jurisdiction is proper in the U.S. District Court for the Western District of Texas, El Paso Division, but deny any remaining averments therein.

3. As to the averments in paragraph 3.1, Defendants deny Plaintiff is entitled to relief sought.

4. Based on information or belief, Defendant admits the averments of Paragraph 4.1 of Plaintiff's Original Petition.

5. As to the averments in paragraph 4.2 of Plaintiff's Original Petition, Defendants admit that

Walmart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and has been properly served through its registered agent.

6.     As to the averments of paragraph 4.3 of Plaintiff's Original Petition, Walmart Stores Texas, LLC is a limited liability company which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas, and has been properly served through its registered agent.

7.     As to the averments in paragraph 5.1 of Plaintiff's Original Petition, Defendants admit that Plaintiff was an invitee of the premises controlled and operated by Defendant Walmart Stores Texas, LLC, on or about April 3, 2021 at Walmart Store #3763 located at 12236 Montana Ave., El Paso, Texas 79938.  Defendants deny the remaining averments of paragraph 5.1.

8.     Defendants deny the averments of paragraph 5.2 and subparts a. through h. of Plaintiff's Original Petition.

9.     As to paragraph 5.3 of Plaintiff's Original Petition, Defendants admit they owed Plaintiff a duty as defined under Texas law, but deny the remaining averments as stated in paragraph 5.3 of Plaintiff's Original Petition.

10.    Defendants deny the averments of paragraph 5.4 of Plaintiff's Original Complaint.

11.    Defendants deny the averments of paragraph 6.1 and subparts (1) through (7) of Plaintiff's Original Complaint.

12.    As to paragraph 7.1 of Plaintiff's Original Petition, it is Plaintiff's demand for jury trial and requires no response.

13.    Paragraph 8.1 of Plaintiff's Original Petition is regarding e-service and requires no response.

14.    As to paragraph 9.1 of Plaintiff's Original Petition, it refers to Texas Rules of Civil Procedure, which do not apply in this case, and no response is required.

15.    As to the prayer, Defendants deny that Plaintiff is entitled to any relief sought.

16. All other allegations contained in Plaintiff's Original Petition not expressly admitted herein are hereby denied.

## DEFENSES

17. The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

18. To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Original Petition, which Defendants deny, those injuries and damages were proximately caused by the acts or omissions of persons and/or entities over whom Defendants have no control and for whom Defendants have no liability.

19. Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

20. Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendants.

21. Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

22. The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

23. Defendants plead Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

24. Defendants plead the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

25. While denying liability herein, Defendants would show that any recovery for loss of earnings,

loss of earning capacity or loss of contributions of a pecuniary value, if any, must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal Income Tax Law as required by Section 18.091(a) of the Texas Civil Practice & Remedies Code.

In the alternative, and without waiving the foregoing, Defendants assert the following affirmative defenses:

26. Plaintiff's injuries and damages, if any, were proximately caused by Plaintiff's own negligence, which bars his recovery or, in the alternative, reduces it proportionately.

27. To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendants are not responsible for any damages that could have been avoided.

28. Defendants deny that Plaintiff is entitled to any judgment or requested relief.

29. Defendants previously and timely demanded trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing herein, that Defendants be allowed to go hence without day and with their costs, and any other relief to which they may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: */s/ Laura Enriuqez*
    Laura Enriquez
    State Bar No. 00795790
    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      I certify that on November 15, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Michael Alvarez
The Huynh Law Firm, PLLC
1742 Zaragoza, Suite A
El Paso, Texas 79936
(915) 223-4878
malvarez@thehuynhlawfirm.com

                                                        */s/ Laura Enriquez*
                                                        Laura Enriquez